UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVE SHOSTACK,<br><br>                    PLAINTIFF,<br><br>-AGAINST-<br><br>SUNRUN INC.,<br>AKA. SMART HOME SOLAR AKA. VIVINT SOLAR,<br>CLEAN ENERGY EXPERTS LLC., A CALIFORNIA<br>LIMITED LIABILITY COMPANY DBA. SOLAR<br>AMERICA<br><br>                    DEFENDANTS. | Case No.: _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of<br>New York, New York County |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Sunrun Inc. and Clean Energy Experts LLC (together "Defendants"), by and through their counsel, Kelley Drye & Warren LLP, hereby remove this civil action from the Supreme Court of New York, New York County, pending as Case No. 158861/2021 (the "State Court Action"), to the United States District Court for the Southern District of New York under 28 U.S.C. § 1441(a) on the grounds that the presence of a federal question gives rise to jurisdiction under 28 U.S.C. § 1331.  By removing this case, Defendants do not waive, but expressly reserve, any and all defenses available to them.  In support of this Notice of Removal, Defendants allege as follows:

**PROCEDURAL BACKGROUND**

1.      Plaintiff Dave Shostack ("Plaintiff") commenced the State Court Action on September 28, 2021 by filing a Summons With Notice ("Summons") in the Supreme Court of the State of New York, New York County, Index No. 158861/2021.  Plaintiff filed an Amended Summons With Notice on January 14, 2022 ("Amended Summons").

2. Defendants were served with the Amended Summons on January 18, 2022 by personal service upon their respective registered agents. On February 10, 2022, Defendants filed a Notice of Appearance and Demand for Service of the Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Amended Summons, and all process, pleadings, or orders served upon Defendants are attached to this Notice of Removal as **Exhibit A**.

3. Plaintiff has not yet served Defendants with a copy of the Complaint, however removal is appropriate and timely because the Amended Summons asserts a federal cause of action. (*See* Ex. A (Amended Summons).)

## GROUNDS FOR REMOVAL

4. Plaintiff's Amended Summons purports to assert a cause of action under the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (the "TCPA"), a federal statute, against all Defendants. (*See* Ex. A (Amended Summons at 2).) The Court, therefore, has original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S FEDERAL QUESTION PURSUANT TO 28 U.S.C. § 1331

5. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a district court has "original jurisdiction" over such claims. *Id.*

6. This Court has original jurisdiction over this matter because Plaintiff's claim arises under the laws of the United States, namely the TCPA. (*See* Ex. A (Amended Summons at 2) (stating Plaintiff is "[s]eeking statutory damages for violations of the TCPA").)

7. Actions brought under the TCPA may be brought "in an appropriate court of [a] State." 47 U.S.C. § 227(b)(3), (c)(5).

8. On January 18, 2012, the United States Supreme Court in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), held, in a unanimous decision, that the TCPA's permissive grant of jurisdiction to state courts does not deprive federal district courts of federal question jurisdiction over private rights of action with respect to claims arising out of the TCPA. *See id.* at 386-87 ("Nothing in the text, structure, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.") *Mims* thus stands for the proposition that a grant of jurisdiction to state courts does not deprive the federal district courts of federal question jurisdiction over private TCPA actions. *Id.*

9. In light of the foregoing, this action is properly removable to this Court.

**THE NOTICE OF REMOVAL IS TIMELY AND THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

10. On or about January 18, 2022, Defendants were served with the Amended Summons. (*See* Ex. A (Affidavits of Service)).

11. In accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice of Removal within the 30-day period after having been served with the Amended Summons. Under New York law, the Amended Summons "may constitute an initial pleading for purposes of the federal removal statute," because New York law requires "the summons to provide notice stating the nature of the action and the relief sought--that is, information from which a defendant can ascertain removability." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001); *id.* at 205 ("We therefore conclude that a summons with notice may serve as an initial

3

pleading under" 28 U.S.C. § 1446(b)). As set forth above, federal question jurisdiction can be ascertained from the Amended Summons.

12. This Notice of Removal is therefore timely because it is filed within 30 days of Plaintiff's service of the Amended Summons upon Defendants.

13. Defendants have not filed a responsive pleading in the State Court Action and no other proceedings have transpired in the State Court Action other than Defendants filing of the Notice of Appearance and Demand for Service of the Complaint. (*See* Ex. A.)

14. The United States District Court for the Southern District of New York is the federal district court for the district embracing where the State Court Action was pending, as required by 28 U.S.C. § 1441(a). Venue is, therefore, proper in this district.

15. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff, as well as the Clerk of the Supreme Court of the State of New York, New York County, as required by 28 U.S.C. § 1446(d). A copy of that notice is attached hereto as **Exhibit B** (without exhibits).

16. Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims, and is timely and properly removed by the filing of this Notice.

17. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions are hereby reserved.

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## **CONCLUSION**

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: February 16, 2022                                      KELLEY DRYE & WARREN LLP

By: */s/ Glenn T. Graham*
    Glenn T. Graham
    3 World Trade Center
    175 Greenwich Street
    New York, New York 10007
    Tel: (212) 808-7800
    Fax: (212) 808-7897
    ggraham@kelleydyre.com

Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2022, I caused a copy of the foregoing to be served on the Plaintiff by Fedex to the Plaintiff's address 4 Suttonwood Dr., Commack, NY 11725.

> KELLEY DRYE & WARREN LLP
>
> By: */s/ Glenn T. Graham*
>    Glenn T. Graham
>    3 World Trade Center
>    175 Greenwich Street
>    New York, New York 10007
>    Tel: (212) 808-7800
>    Fax: (212) 808-7897
>    ggraham@kelleydyre.com
>
>    Attorney for Defendants